# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BYRON CRAIG HERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0263-GKF-JFJ |
| | ) |
| E. HEBERT S/S; | ) |
| WARDEN BYRD; | ) |
| MR. BATTLES, Unit Manager; | ) |
| MS. ADAMS, Hearing Officer; and | ) |
| MS. FRANKLIN, Disciplinary | ) |
| Coordinator & Hearing Officer, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Byron Craig Herd, a state inmate appearing *pro se* and *in forma pauperis*, commenced this action on May 16, 2019, by filing a 42 U.S.C. § 1983 civil rights complaint (Dkt. 1). By order (Dkt. 3) filed June 5, 2019, the Court found the complaint deficient and provided Plaintiff leave to amend. Plaintiff filed an amended complaint (Dkt. 5) on July 1, 2019. By order (Dkt. 6) filed July 25, 2019, the Court found the amended complaint deficient and provided Plaintiff leave to file a second amended complaint. Plaintiff filed a second amended complaint (Dkt. 9) on August 12, 2019. For the reasons that follow, the Court dismisses the second amended complaint for failure to state a claim upon which relief may be granted.

**A.    Screening and dismissal standards**

Plaintiff's second amended complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. In screening the complaint, the Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

§§ 1915(e)(2)(B), 1915A(b). Dismissal is appropriate if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying this plausibility standard, the Court must accept as true all well-pleaded factual allegations in the complaint and liberally construe the facts in Plaintiff's favor. *Id.* at 678-79; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court need not "accept as true a legal conclusion couched as factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). And, while Plaintiff need not include "detailed factual allegations" in the complaint, he is obliged to provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*

**B.    Plaintiff's allegations**

Plaintiff is currently incarcerated at the Cimarron Correctional Facility (CCF) in Cushing, Oklahoma. Dkt. 9, at 1. He purports to sue five defendants: (1) E. Hebert S/S, (2) Warden Byrd, (3) Mr. Battles, a unit manager, (4) Ms. Adams, a hearing officer, and (5) Ms. Franklin, a disciplinary coordinator and hearing officer. *Id.* at 1, 5.[1]

Plaintiff identifies Hebert as a citizen of Oklahoma who is employed as "S/S" and states

---

[1] Plaintiff's second amended complaint identified only these five defendants in the caption, and even liberally construed, Plaintiff's allegations in the second amended complaint do not refer to any actions or omissions of any other defendants he identified in the original or first amended complaint. Dkt. 9, at 1-8. The Court therefore dismisses the following defendants from this action: (1) Anne Daniel, (2) C. Murphy, (3) K. Johnson, (4) State of Oklahoma, (5) Department of Corrections, (6) Judge Walker, (7) Christopher Gayheart, (7) Judge BeeBee, and (8) Judge Drummond. The Clerk of Court is directed to update the record to reflect that these eight defendants have been dismissed from this action.

that Hebert acted under color of state law regarding the "forgery of documents and paperwork." Dkt. 9, at 1. He identifies Byrd as a citizen of Oklahoma who is employed as a warden and states that Byrd acted under color of state law regarding "all paperwork appeals under wrongfully conviction 1983 civil right." *Id.* Plaintiff alleges that Adams and Franklin both work for CCF and that Battles "put [him] in SHU false statement." *Id.* at 5.

Plaintiff invokes jurisdiction under 42 U.S.C. § 1983 and describes the nature of his case as follows: "I was coming back from the gym and this S/S call me out my name race-pro-filing black ass nigga & false document." Dkt. 9, at 2.

In Count 1, Plaintiff cites a case from the United States Court of Appeals for the Ninth Circuit for the proposition that a "retaliation claim [is] stated where prison officials filed false disciplinary charge [and] placed inmate in administrative segregation." *Id.* In the space designated for facts supporting his Count 1 claim, Plaintiff alleges:

> When I got out of segregation Ms. Franklin coordinator told me to present my witnesses the other witnesses at the hearing Ms. Adams would not here [sic] my witness because one of my witness showed up to the hearing to let the hearing officer know Mr. Herd 146186 never menacing or bulling [sic] know [sic] one."

*Id.*

In Counts 2 and 3,[2] Plaintiff claims "Cushing prison trying to say I'm out of time on my appeal, under wrongfully conviction: by state and federal law the courts has [sic] right to here [sic] the elements under wrongfully conviction its not know [sic] properly right under wrongfully conviction." Dkt. 9, at 2. Plaintiff alleges,

> "Cimarron Correctional Facility delay due process" call witnesses on this issue: Court of Federal Law: Furr, Orton, john my witnesses: Williams 712933; Curtis. Lofton 631209 Joseph Bobo # 826653: my case on appeal false staff: false

---

[2] Even with the benefit of liberal construction, it is difficult to determine where Plaintiff's Count 2 claim and supporting facts end and his Count 3 claim and supporting facts begin. Dkt. 9, at 2-3.

3

documents: false elements: false false conviction false and wrongfully each with the other violated due process of law this paperwork is still on appeal because this facility is trying to come up with something out of time. If you would have let my witnesses come to court this issue would be over with but by this faceility [sic] violation of people rights, under wrongfully conviction 1983 civil rights lawsuit this is the way we can do this up under wrongfully put in prison all my appeals are good.

Dkt. 9, at 3.

With his second amended complaint, Plaintiff submitted a two-page form entitled "Inmate's Misconduct Appeal Form For Class X/Restitution Misconducts" form. Dkt. 9, at 6-7. The form reflects that Plaintiff had a disciplinary hearing on May 16, 2019, on the charge of "menacing," a class X25 offense, which he allegedly committed on May 8, 2019. *Id.* at 6. On the form, Plaintiff alleged, as grounds for his appeal, that he was not provided copies of evidence or reports, not permitted to present relevant witnesses or witness statements, and not permitted to present documentary evidence. *Id.* He further alleged that the hearing officer made no determination as to the reliability of any confidential witness testimony and created no written statement of the evidence used to determine guilt, and that no evidence supported his conviction. *Id.* The appeal form does not reflect any punishment imposed as a result of the hearing. *Id.* At the bottom of the first page of the appeal form, Plaintiff states, "the Appeal is still at the Administrative Review Authoritys [sic] in OKC Oklahoma City 8-6-2019." *Id.*

Finally, Plaintiff attaches an additional page of factual allegations, stating,

delay in due process (14) amend Ms. Franklin the coordinator told me to bring my witnesses the one that were on the rek [sic] yard when this issue X25 happen, but when I get to the hearing Ms. Adams would not let me put my witnesses names in the hearing to prove my point. I feel that its [sic] a violation on the staff, this is when I get out of SHU. Its [sic] a lot of paperwork that I sent on this is: the element of being call race name black ass nigga is a violation.

Dkt. 9, at 8.

In his request for relief, Petitioner seeks $10 million and states: "false document false

4

conviction and race-pro-filing Cushing, OK, Tulsa, OK, Ardmore, OK, Department of Corrections put me each with the other wrongfully conviction." Dkt. 9, at 3.

**C.    Analysis**

Because Plaintiff brings this action under 42 U.S.C. § 1983, he must allege facts showing that each defendant acted under color of state law to deprive him of a federally protected right. *Schaffer v. Salt Lake City, Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Though Plaintiff's second amended complaint is difficult to decipher, Plaintiff appears to claim that (1) Hebert racially profiled him by using a racial slur, (2) Hebert and Battles retaliated against him by filing a false disciplinary charge and placing him in administrative segregation, (3) Adams and Franklin deprived him of a fair disciplinary hearing, (4) Adams wrongfully convicted him of a disciplinary violation, and (5) Byrd interfered with Plaintiff's administrative appeal from the disciplinary conviction. Dkt. 9, at 1-3, 5-8.

Even with the benefit of liberal construction, the Court cannot reasonably read the second amended complaint as stating any plausible § 1983 claims against these defendants.

**1.    Racial profiling**

Plaintiff alleges Hebert racially profiled him by using a racial slur against him as he was walking through the recreational yard. Dkt. 9, at 2, 8. Accepting Plaintiff's allegation as true, Hebert's conduct is both inexcusable and unprofessional. But it is not unconstitutional or a violation of federal law. *See, e.g.*, *Moore v. Morris*, 116 F. App'x 203, 205 (10th Cir. 2004) (unpublished)[3] (concluding prison official's alleged use of a racial epithet to refer to prisoner did not "amount to a constitutional violation"); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir.

---

[3] The Court cites this unpublished opinion, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

2001) (noting that "acts or omissions resulting in inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"). Thus, to the extent Petitioner purports to sue Hebert on the basis of the alleged racial slur, the second amended complaint fails to state a claim upon which relief may be granted.

### 2. Retaliation

Next, Plaintiff alleges Hebert and Battles retaliated against him when Hebert filed a false disciplinary charge against him and Battles placed him in administrative segregation. Dkt. 9, at 1-2. To the extent Plaintiff is attempting to assert a First Amendment retaliation claim, he "must show that (1) he was engaged in constitutionally protected activity, (2) the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to his constitutionally protected conduct." *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009). Notably, the plaintiff "must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (emphasis in original) (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)). Here, Plaintiff alleges no facts to suggest, let alone show, that Hebert and Battles took the actions alleged because Plaintiff was engaging in some constitutionally protected activity. Dkt. 9, generally. As a result, and to the extent Plaintiff asserts a First Amendment retaliation claim against these two defendants, the second amended complaint fails to state a claim upon which relief may be granted.

### 3. Procedural due process

Plaintiff alleges that Adams and Franklin violated his Fourteenth Amendment right to procedural due process by (1) refusing to hear from his witnesses at the disciplinary hearing and

(2) convicting him of a disciplinary violation without sufficient evidence. Dkt. 9, at 2-3, 8. "The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law." *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005). This prohibition applies even to a state's incarcerated citizens, but those citizens' "due process rights are defined more narrowly." *Id.* Specifically, "a prisoner is entitled to due process before he is subjected to conditions that 'impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,' or disciplinary actions that 'inevitably affect the duration of his sentence.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995)). When a prisoner's liberty interest is implicated in a disciplinary proceeding, the prisoner is entitled, at a minimum, to: (1) advance written notice of the charges, (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. *Chesson v. Jaquez*, 986 F.2d 363, 366 (10th Cir. 1993) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974)).

For three reasons, the second amended complaint fails to state a plausible due-process claim. First and foremost, Plaintiff's allegations do not show that he was subjected to an atypical or significant hardship as a result of the disciplinary proceeding or that the result of that proceeding affected the duration of his sentence. Even liberally construed, neither the second amended complaint nor the attached appeal form refer to any punishment other than what appears to be Plaintiff's temporary, pre-hearing placement in administrative segregation. Dkt. 9, generally. And the second amended complaint is silent as to how many days Plaintiff remained in administrative segregation. *Id.* Ordinarily, even post-hearing disciplinary segregation for a limited number of days "fails to implicate a protected liberty interest." *Hornsby v. Jones*, 392 Fed. App'x. 653, 655 (10th Cir. 2010) (unpublished). For that reason alone, Plaintiff fails to state a plausible due-process

claim against either Adams or Franklin. *See id.* (finding prisoner's challenge to disciplinary conviction did not implicate protected liberty interest and thus declining to address prisoner's due process arguments).

Second, it is not clear from Plaintiff's allegations that either Adams or Franklin deprived him of his right to present witnesses at the disciplinary hearing. As to Franklin, Plaintiff twice states in the second amended complaint that Franklin told Plaintiff he could present his witnesses at the disciplinary hearing. Dkt. 9, at 2, 8. As to Adams, Plaintiff's allegations are, at best, ambiguous. Plaintiff alleges (1) "Adams would not here [sic] my witness because one of my witness showed up to the hearing to let the hearing officer know [I] never menac[ed] or bulli[ed]" anyone, (2) "Adams would not let me put my witnesses names in the hearing to prove my point," and (3), as indicated on his administrative appeal form, he "was not . . . permitted the opportunity to present relevant witness/es or to submit relevant written witness statements." Dkt. 9, at 2, 6, 8. Plaintiff's first allegation appears to suggest that at least one witness may have testified on his behalf, but his remaining allegations suggest he was not allowed to present any witnesses. Resolving this ambiguity in Plaintiff's favor, he still fails to state a claim against Adams given his failure to allege that he was deprived of a protected liberty interest. *See Hornsby*, 392 F. App'x at 655.

Third and finally, to the extent Plaintiff alleges Adams violated his due process rights by convicting him of a disciplinary violation without sufficient evidence, he fails to state a claim upon which relief may be granted because nothing in his second amended complaint suggests that his disciplinary conviction has been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck v. Humphrey*, 512 U.S. 477 (1994), and holding that a prisoner may not bring a § 1983 claim for monetary damages that challenges either the procedures or the result of a prison

disciplinary proceeding if the claim would "necessarily imply the invalidity of" the conviction or the resulting punishment unless he first demonstrates that his disciplinary conviction or punishment was previously invalidated). Plaintiff's repeated statements that he was "wrongfully convicted" challenge the validity of his disciplinary conviction. And Plaintiff's own allegations show that his administrative appeal is still pending, not that his disciplinary conviction has been invalidated. Dkt. 9, at 3, 6. Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

### 4. Administrative appeal

As a final matter, Plaintiff appears to allege that Byrd violated his civil rights in some manner with respect to Byrd's handling of Plaintiff's administrative appeal. Plaintiff states that Byrd acted under color of state law regarding "all paperwork appeals under wrongfully conviction 1983 civil right," that "Cushing prison [is] trying to say I'm out of time on my appeal," and that his "paperwork is still on appeal because this facility is trying to come up with something out of time." Dkt. 9, at 1-3. Plaintiff's allegations lack sufficient clarity to provide Byrd fair notice of the claims against him, as required by Fed. R. Civ. P. 8(a). Further, even generously construed, Plaintiff's allegations do not show that Byrd could be liable for violating Plaintiff's federally protected rights. At most, Plaintiff's allegations appear to challenge Byrd's actions in processing Plaintiff's administrative appeal from a disciplinary conviction. Under Oklahoma law, a state prisoner has a statutory right to administratively appeal a disciplinary conviction. OKLA. STAT. tit. 27, § 566.3(G). But this state law does not create a protected liberty interest in an administrative appeal. *See Harrison v. Morton*, 490 F. App'x 988, 993-94 (10th Cir. 2012) (unpublished) (concluding that prisoner "fail[ed] to establish that ODOC policy and Oklahoma law create a liberty interest in his right to an administrative appeal" and stating that "[p]rison disciplinary

procedures do not create constitutionally protected liberty interests"). As a result, Plaintiff fails to state a plausible claim against Byrd.

**D.     Conclusion**

Based on the foregoing analysis, the Court finds the second amended complaint fails to state any plausible § 1983 claims. The Court further finds that it would be futile to permit Plaintiff additional opportunities to amend the complaint. The Court therefore dismisses the second amended complaint, without prejudice, for failure to state a claim upon which relief may be granted.

**E.     First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff is a state prisoner and the Court granted him leave to proceed *in forma pauperis* in this action. In addition, the Court has concluded that Plaintiff's second amended complaint fails to state a claim upon which relief may be granted and should be dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Consequently, this dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court is directed to update the record to reflect that the following defendants have been dismissed from this action: (1) Anne Daniel, (2) C. Murphy, (3) K. Johnson, (4) State of Oklahoma, (5) Department of Corrections, (6) Judge Walker,

(7) Christopher Gayheart, (7) Judge BeeBee, and (8) Judge Drummond.

2. Plaintiff's second amended complaint (Dkt. 9) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. The Clerk of Court is directed to **flag** this dismissal as Plaintiff's first prior occasion for purposes of 28 U.S.C. § 1915(g).

4. Plaintiff remains obligated to continue making monthly payments until the **$350** filing fee is paid in full.

5. A separate judgment shall issue herewith.

**DATED** this 4th day of October 2019.

*[signature]*
GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE